UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TINA SZEGEDI,<br><br>       Plaintiff,<br><br>   v.<br><br>WALMART, INC., a Delaware Corporation, WAL-MART TRANSPORTATION, LLC, a Delaware Corporation, and JOHN DOES 1-5, Washington Corporations<br><br>       Defendants. | NO.<br><br>(PIERCE COUNTY SUPERIOR COURT CAUSE NO. 22-2-05527-3)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***(CLERK'S ACTION REQUIRED)*** |

TO:        CLERK OF THE COURT;

AND TO:   PLAINTIFF'S COUNSEL OF RECORD

## I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks to remove the above-captioned case from Pierce County Superior Court in Washington State to the United States District Court for the Western District of Washington at Tacoma under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. STATEMENT OF FACTS

1. Underlying Incident

Plaintiff TINA SZEGEDI ("Plaintiff") alleges that on May 23, 2019 she was injured while unloading pallets from a trailer at Walmart Store #2403, located at 310 31st Ave SE,

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7572594.2

1  Puyallup, Washington.  *See* Declaration of Gabrielle K. Lindquist, attached hereto as **Exhibit**
2  **A**; *see also* Summons, Complaint, and Confirmation of Service, attached hereto as **Exhibit B**.
3      2.  Relevant Procedural Facts
4      Plaintiff filed a Complaint in the Superior Court of Washington for Pierce County on
5  March 28, 2022 and served Walmart on March 30, 2022.  *See* Ex. B.
6      Walmart served its RCW 4.28.360 Request for Statement of Damages ("RSD") on
7  Plaintiff on April 1, 2022 and received Plaintiff's response thereto on April 15, 2022.  *See*
8  Plaintiff's response to Walmart's RSD, attached hereto as **Exhibit C**.  In her response, Plaintiff
9  indicated special damages in excess of $231,000 and general damages in the amount of
10 $500,000.  *Id.*

### III. STATEMENT OF ISSUE

Whether this case may be properly removed to federal court where there is total diversity between the parties and the amount in controversy is in excess of $75,000 exclusive of interest and costs according to Plaintiff's response to Walmart's RSD.

### IV. EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Gabrielle K. Lindquist, attached hereto as Exhibit A.

### V. ARGUMENT

A.  This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over the Lawsuit Filed by Plaintiff in Pierce County Superior Court

The district courts shall have original jurisdiction of all civil actions (1) where the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4); (2) where the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs; and (3) where removal is timely.  The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7572594.2

| | |
|---|---|
| 1 | court proceeding.  *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, |
| 2 | 425 F.3d 689 (2005). |
| 3 | When and how removability is "ascertainable" matters with respect to whether removal |
| 4 | is timely under 28 U.S.C. § 1446.  There are, generally speaking, two viable "removal |
| 5 | periods."  *See Harris*, 425 F.3d at 694.  [1] A defendant has 30 days to remove a case if the |
| 6 | removability of the case is evident on the face of the complaint; or [2] a defendant has 30 days |
| 7 | beyond some later period from which it first becomes ascertainable that the case is removable. |
| 8 | *See id.*  ("[T]he first thirty-day requirement [to remove] is triggered by defendant's receipt of |
| 9 | an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in that |
| 10 | pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may be |
| 11 | filed within thirty days after the defendant receives ['other paper'] from which it can |
| 12 | ascertained…that removal is proper.") (citations omitted). |
| 13 | In this case, (1) diversity between the parties is evident on the face of the Complaint; |
| 14 | (2) the fact that the amount in controversy exceeds the sum or value of $75,000 exclusive of |
| 15 | interest and costs was not evident on the face of the Complaint, but *is now* evident from |
| 16 | Plaintiff's response to Walmart's RSD; and (3) Walmart is filing this Notice of Removal within |
| 17 | 30 days of service of receiving Plaintiff's aforementioned RSD response and therefore this |
| 18 | Notice is timely and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332. |
| 19 | 1.   There Is Diversity Between the Parties |
| 20 | Per the Complaint, Plaintiff is a resident of Snohomish County, Washington.  *See* Ex. B |
| 21 | at ¶1.1.  Thus, Plaintiff is a "citizen of" Washington State.  Walmart is (a) incorporated in |
| 22 | Delaware and (b) its principal place of business is in Arkansas.  Thus, Walmart is "a citizen of" |
| 23 | either Delaware or Arkansas, but <u>not</u> Washington State.  *Accord* 28 U.S.C. § 1332(c)(1). |
| 24 | Based on the foregoing, there is diversity between these parties as described in 28 U.S.C. § |
| 25 | 1332(a)(1). |

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7572594.2

2. <u>The Amount in Controversy Exceeds the Sum or Value Of $75,000</u>

Per Plaintiff's response to Walmart's RSD, the amount in controversy in this matter is in excess of $731,000. *See* Ex. C.

3. <u>Walmart's Notice of Removal Is Timely</u>

In this matter, the case stated by the initial pleading was not removable (no specific amounts claimed in Complaint); however, Plaintiff's response to Walmart's RSD constitutes "other paper" within the meaning of 28 U.S.C. § 1446 from which it could first be ascertained that this case is removable.[1] As this Notice is being filed within 30 days of receipt of that response/"other paper," this Notice is timely.[2] Additionally, even if this Court finds that the amount in controversy *is* evident on the face of the Complaint, this Notice is still timely because Plaintiff served Walmart with the Complaint on March 30, 2022—less than 30 days prior to the date of this Notice's filing. *See* Ex. B.

B. <u>Walmart's Notice of Removal Complies with All Applicable Local and Federal Procedural Rules Attendant to Removal</u>

1. <u>This Notice and Accompanying Documents Satisfy LCR 101</u>

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

> (1) A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."
>
> (2) A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.

---

[1] "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A) (emphasis added).

[2] Walmart received Plaintiff's RSD response on April 15, 2022 and is filing this Notice of Removal on April 29, 2022.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7572594.2

(3) A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all additional records and proceedings in the state court, together with verification that they are true and complete copies.  LCR 101(c).

Walmart has filed and/or otherwise provided true and complete copies of all of the above referenced documents as required under local rules, including copies of all records and proceedings filed in the state court proceeding being removed by virtue of this petition.  These documents/exhibits constitute and contain the entirety of the records and proceedings filed in Pierce County Superior Court as of the date of filing this Notice. True and complete copies of all pleadings, records, and documents filed in the state court action are also attached hereto as **Exhibit D**.

2. <u>Both the Federal and State Courts Are on Properly Notice of This Removal Action</u>

This Notice is properly filed in the United States District Court for the Western District of Washington at Tacoma because this Court embraces Pierce County, the county in which the state court action is now pending.  *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Pierce County Superior Court and is also serving a copy of this Notice on Plaintiff's counsel of record in the state court action.

## VI. CONCLUSION

Walmart hereby removes this case from the Pierce County Superior Court to the United States District Court for the Western District of Washington at Tacoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  By removing, Walmart does not waive any defenses, including but

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7572594.2

1 not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service
2 of process.

4   DATED this 29th day of April, 2022.

              WILLIAMS, KASTNER & GIBBS PLLC

*[signature: Gabrielle Lindquist]*

              Gabrielle Lindquist, WSBA No. 57177
              Rodney L. Umberger, WSBA No. 24948
              Eddy Silverman, WSBA No. 53494

              Two Union Square
              601 Union Street, Suite 4100
              Seattle, WA 98101-2380
              Phone: 206.628.6600
              Fax:  206.628.6611
              Email: rumberger@williamskastner.com
                  esilverman@williamskastner.com
                  glindquist@williamskastner.com

***Counsel for Defendant Walmart Inc.***

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7572594.2

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| KARR TUTTLE CAMPBELL<br><br>William H.P. Fuld, WSBA 40735<br>701 Fifth Avenue, Suite 3300<br>Seattle, WA 98104<br>Tel: (206) 223-1313<br>Email: wfuld@karrtuttle.com<br><br>*Counsel for Plaintiff* | ☑ CM/ECF<br>☑ E-mail |

Signed at Seattle, Washington this 29th day of April, 2022.

WILLIAMS, KASTNER & GIBBS PLLC

*/s/ Anneke Lee*
Anneke Lee, Legal Assistant r
mcdade@williamskastner.com

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7572594.2